UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 20-58-JJM-LDA |
| ) | |
| ALEXA SAMOILOFF ) | |
| Defendant. ) | |

## **ORDER**

Alexa Samoiloff has petitioned this Court under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. ECF No. 45. The government objects. ECF No. 47.

Ms. Samoiloff seeks release claiming that "the COVID-19 pandemic, the Defendant's increased risk of death or serious illness in the event that she contracts the COVID-19 virus and the length of that sentence" constitute extraordinary and compelling reasons to grant her compassionate release. ECF No. 45 at 1. The government objects asserting that there are no extraordinary and compelling reasons to justify release now and that even if there were, the 18 U.S.C. § 3553 factors mandate continued detention.

*Procedural History*

To conduct a thorough analysis, the Court reviews the procedural history in the case. The Federal Bureau of Investigation arrested Ms. Samoiloff on October 18, 2019 charging her with various counts of being a leader in the distribution of large amounts of methamphetamines. The Court detained her pretrial. While at the Wyatt Detention Facility, the medical facility discovered a lump in Ms. Samoiloff's breast,

and she was diagnosed with breast cancer. According to her records, she had been aware of the lump for almost three years.

The Court released Ms. Samoiloff to allow her to get treatment for her cancer at Sloan Kettering Memorial Hospital in New York. She had a lumpectomy in April. In June 2020, the pretrial probation officer working with Ms. Samoiloff noticed that she disappeared. The police arrested her a few days later as she was getting into a stolen vehicle with a co-conspirator. She had drugs in her purse. ECF No. 47 at 6. The Court detained her after the second arrest. During her second detention, Ms. Samoiloff received the radiation therapy required to treat her cancer that she missed while she was free. Her treatment was successful; according to her records, a diagnostic mammogram showed she is now cancer free.

Ms. Samoiloff pleaded guilty to the charges brought against her and the Court sentenced her to the mandatory minimum of ten years of incarceration because of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).

*Background*

Ms. Samoiloff began using illegal drugs when she was eleven years old, turned to crack cocaine when she was twelve, and at some point later, became addicted to methamphetamines. ECF No. 42 at 20. With periods of sobriety, Ms. Samoiloff has been addicted to drugs her entire life. The results of her struggle with drugs and other mental health issues is a criminal record that garnered her seven criminal history points.

As the Presentence Investigation Report states, Ms. Samoiloff "is also relieved 'this is coming to an end.' She said since her incarceration, this is the most sober she has been which has made her more humble and grateful for her circumstances. She intends to make to best out of this situation she has put herself in and insists she will try her hardest to work through her issues." ECF No. 42 at 19-20.

*Compassionate Release Motion*

1. Medical Issues

Ms. Samoiloff first argues that the Center for Disease Control has recognized that persons currently suffering from cancer are at an increased risk of death or serious illness from COVID-19. *See* www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. But her diagnostic mammogram record shows that post-lumpectomy and radiation, Ms. Samoiloff is now cancer free. ECF No. 49-3 ("No mammographic evidence of malignancy."). Moreover, Ms. Samoiloff is in line to receive the Covid-19 vaccine soon. ECF No. 47-2. Ms. Samoiloff's medical condition does not represent extraordinary and compelling reasons to grant her compassionate release.

2. Unduly Long Sentence

Ms. Samoiloff also argues that the Court should grant her compassionate release because her sentence was unduly long – a ten-year mandatory minimum. "[S]entence modifications would be appropriate when 'extraordinary and compelling circumstances justify a reduction of an unusually long sentence.'" *United States v. Vigneau*, 473 F. Supp. 3d 31, 36 (D.R.I. 2020) (quoting S. Rep. No. 98-225, at 55-56

3

(1983)).[1]  The government argues that the amount of drugs involved, Ms. Samoiloff's criminal history, and her leadership role all support a ten-year sentence.

The Court agrees that the sentence Ms. Samoiloff received is needlessly long. Ten years is greater than necessary to accomplish the goals of sentencing as mandated by Congress.  But for the mandatory minimum, the Court would not have sentenced Ms. Samoiloff to so many years in prison.  Ms. Samoiloff committed crimes to fund her long-standing and severe drug addiction.  When she is sober, she is a productive member of society.  Ms. Samoiloff has never spent such a long period in jail and therefore a shorter sentence would have been sufficient but not longer than necessary to serve all the purposes of sentencing.

That said, when the Court analyzes the § 3553 factors, it is clear that compassionate release should not be granted at this time.  Ms. Samoiloff needs a period of sobriety and an opportunity to pay attention to her mental and physical health.  She was only sentenced a few months ago and has served less than 10% of her sentence.  At this point in her life, it appears Ms. Samoiloff needs to be incarcerated to deter her from committing further crimes to feed her lifelong drug

---

[1] "Courts in other districts have determined that unusually long sentences by today's standards could support an 'extraordinary and compelling' reason to reduce a sentence." *Vigneau*, 473 F. Supp. 3d at 36–37 (citing *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *2, 4 (D. Neb. Nov. 14, 2019); *United States v. Cantu-Rivera*, Cr. No. H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019), *amended on reconsideration,* No. 4:05-CR-00227-1, —— F.Supp.3d ——, 2020 WL 2091802 (S.D. Iowa Apr. 29, 2020)).

addiction. Upon her arrest, Ms. Samoiloff even expressed relief at being caught and incarcerated at that time.

*Conclusion*

Because Ms. Samoiloff has not shown extraordinary or compelling reasons for her immediate release, the Court DENIES without prejudice the Motion for Compassionate Release. ECF No. 45.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

January 19, 2021