UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.  ) | Cr. No. 20-cr-058-JJM-LDA |
| ) | |
| ALEXA SAMOILOFF, ) | |
| Defendant. ) | |

**ORDER**

Alexa Samoiloff has petitioned this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct her judgment of conviction, entered after she plead guilty to five drug distribution charges. She now claims that the Court should vacate her conviction because she received ineffective assistance of counsel. The Court finds that no hearing is necessary and that Ms. Samoiloff's Motion to Vacate (ECF No. 54) lacks merit and thus DENIES her petition.

A federal grand jury sitting in the District of Rhode Island returned a five-count indictment against Ms. Samoiloff: one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crystal methamphetamine; one count of possession with intent to distribute five grams or more of methamphetamine; and three counts of distribution of five grams or more of methamphetamine. Ms. Samoiloff plead guilty to the five counts.

After a change of plea hearing, and issuance of the Presentence Report, the Court sentenced her to the mandatory minimum of ten years imprisonment.

Ms. Samoiloff filed a motion for compassionate release that the Court denied without prejudice. Text Order dated Feb. 4, 2021. Ms. Samoiloff then timely filed this Motion to Vacate under 28 U.S.C. § 2255. ECF No. 54.

# LAW

## A. Section 2255

Section 2255 provides for post-conviction relief only if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack. *United States v. Addonizio*, 422 U.S. 178, 185 (1979); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). In trying to collaterally attack her sentence, the petitioner bears the burden of proving "exceptional circumstances" that call for redress under § 2255. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980). For example, an error of law must be a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

## B. *Strickland*

The Sixth Amendment guarantees defendants the right to effective assistance of counsel. *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). That said, "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the

circumstances then obtaining." *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991).

A defendant who claims that she was deprived of her Sixth Amendment right to effective assistance of counsel must prove:

(1) that her counsel's performance fell below an objective standard of reasonableness; and

(2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Strickland*, 466 U.S. at 687-88; *United States v. Manon*, 608 F.3d 126, 131 (1st Cir. 2010). In assessing the adequacy of counsel's performance, a defendant "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" *Manon*, 608 F.3d at 131 (quoting *Strickland*, 466 U.S. at 690). As for the second prong, or the prejudice requirement under *Strickland*, a "reasonable probability is one sufficient to undermine confidence in the outcome. In making the prejudice assessment, [the court] focus[es] on the fundamental fairness of the proceeding." *Id.* (internal citation omitted). Unless the petitioner makes both showings, the court cannot say that the conviction resulted from a "breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687; *see also Reyes-Vejerano v. United States*, 117 F. Supp. 2d 103, 106 (D. P.R. 2000) ("The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one."). In sum, "[t]he benchmark for judging any

claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

*Strickland* instructs, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Finally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

The same principles apply in the context of guilty pleas. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58; *see also Padilla v. Kentucky*, 559 U.S. 356, 371 n.12 (2010) ("In *Hill*, the Court recognized—for the first time—that *Strickland* applies to advice respecting a guilty plea."). The first prong of the *Strickland* test is simply a restatement of the standard of attorney competence described above. *Hill v.*

4

*Lockhart*, 474 U.S. at 58. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citing *Missouri v Frye*, 566 U.S. 134, 148 (2012)); *see also Frye*, 566 U.S. at 147 ("To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."). The Court reiterated that, as told in *Strickland*, "these predictions of the outcome at a possible trial, where necessary, should be made objectively ...." *Hill v. Lockhart*, 474 U.S. at 59-60.

## ANALYSIS

Ms. Samoiloff now asserts that her counsel provided ineffective assistance "during the plea negotiations stages."[1] ECF No. 54 at 2. She claims that her attorney "failed to pursue the least possible minimum sentence and misled [her], to induce her to accept the plea and ten-year minimum sentence, to believe that she would be granted conditional release after serving one year." *Id.* at 3.

Ms. Samoiloff has failed to show that her attorney's representation did not meet an objective standard of reasonable. Nor has she shown that the representation

---

[1] At her sentencing Ms. Samoiloff said: "I would also like to thank my lawyer ... for her invaluable support and hard work. I very much appreciate her words of wisdom and encouragement through this whole process ... she's wonderful." ECF No. 64-3 at 27.

5

prejudiced her in anyway. Ms. Samoiloff has failed in her burden of showing that her attorney misled her into pleading guilty by making promises or assurances to her that she could file a motion for compassionate release a year after her sentence. Ms. Samoiloff said under oath during her change of plea hearing colloquy, that no one made any such promises or assurance to her to induce her to plead guilty.

| | |
|---|---|
| THE COURT: | And are you fully satisfied with the representation that you've received from [your attorney] in this case? |
| MS. SAMOILOFF: | Absolutely, your Honor. |

**********

| | |
|---|---|
| THE COURT: | Has anyone in any way attempted to force you to plead guilty or threatened you in any way to get you to plead guilty? |
| MS. SAMOILOFF: | No, your Honor. |
| THE COURT: | Has anyone made any promises or assurances to you to get you to plead guilty? |
| MS. SAMOILOFF: | No, your Honor. |
| THE COURT: | So are you knowingly and voluntarily changing your plea to guilty today because you've determined now that it's in your personal best interest to do so? |
| MS. SAMOILOFF: | Yes, your Honor. |

ECF No. 60 at 5, 7.

The evidence here is that Ms. Samoiloff knowingly and voluntary changed her plea to guilty after effective advise, counsel, and representation from her attorney. There is no evidence that Ms. Samoiloff's attorney was in any way ineffective.

6

## CONCLUSION

Ms. Samoiloff's Motion to Vacate lacks merit. The Court therefore DENIES her Motion to Vacate her conviction under 28 U.S.C. § 2255. ECF No. 54.

## RULING ON CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court finds that this case is <u>not</u> appropriate for issuing a certificate of appealability, because Ms. Samoiloff has failed to make a substantial showing of the denial of a constitutional right on any claim, as required by 28 U.S.C. § 2253(c)(2).

The Court advises Ms. Samoiloff that any motion to reconsider this ruling will not extend the time to file a notice of appeal here. *See* § 2255 Rule 11(a).

IT IS SO ORDERED

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief United States District Judge

Date: March 16, 2022